IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RALPH WILSON LINGO, #190083, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO. 2:08-CV-122-MHT
) [WO]
)
STATE OF ALABAMA, et al., )
)
Respondents. )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ralph Wilson Lingo ["Lingo"], a state inmate, on January 23, 2008.[1] In this petition, Lingo challenges a conviction for criminal conspiracy imposed upon him by the Circuit Court of Crenshaw County, Alabama on November 10, 2003 pursuant to his guilty plea.[2] On this same date, the trial court sentenced Lingo to fifteen years imprisonment but ordered that the sentence be split with only two years of imprisonment and thirteen years suspended

---

[1]The Clerk stamped the instant habeas petition filed on February 20, 2008. Nevertheless, the law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Lingo certified that he placed the petition in the prison mail system on January 23, 2008. *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 16. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the habeas petition] was delivered to prison authorities the day [Lingo]" certified he placed the petition in the mail. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of this proceeding, the court considers January 23, 2008 as the date of filing.

[2]Lingo references a 2003 Crenshaw County conviction for second degree arson in this habeas petition. However, no such conviction exists. The state court records submitted in this case demonstrate that the sole conviction imposed upon Lingo in Crenshaw County during 2003 is one for criminal conspiracy. Thus, the conviction for criminal conspiracy is the only conviction properly before this court in the instant habeas action.

confinement. Lingo did not file a direct appeal of his conspiracy conviction, and his conviction therefore became final by operation of law on December 22, 2003.

Pursuant to the orders of this court, the respondents filed answers in which they argue that the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[3] The respondents contend that because Lingo's criminal conspiracy conviction became final in 2003 -- after the effective date of the statute of limitations -- Lingo must have filed his § 2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts. The respondents assert that Lingo failed to file any state post-conviction action which statutorily tolled the limitation period. As support for this assertion, the respondents maintain that Lingo did not file a Rule 32 petition or other collateral action challenging his criminal conspiracy conviction. The respondents further argue that the motion to withdraw guilty plea filed *pro se* by Lingo on December 19, 2003 had no affect on the running of the federal limitation period as Lingo did not file this motion within the time prescribed by state law.[4] *Respondents' Supplemental Answer - Court Doc. No. 12* at 1-2 ("Under Rule 24.1 of the

[3]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[4]Although the state court stamped the motion filed on December 23, 2003, it is clear that Lingo submitted the motion to prison officials for mailing prior to such date. "Alabama courts have [adopted the mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266, 271-271 (1988) and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, [other relevant post-conviction motion] or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002). Lingo signed the motion to withdraw guilty plea on December 19, 2003. Thus, this is the earliest date on which he could have delivered the motion to prison officials for mailing. The court therefore considers December 19, 2003 the date of filing for Lingo's motion to withdraw guilty plea.

Alabama Rules of Criminal Procedure a motion for new trial must be filed 'no later than thirty (30) days after sentence is pronounced.' As the Alabama Court of Criminal Appeals held in *Allen v. State*, 863 So.2d 737, 738 (Ala.Crim.App. 2003), the same rule applies to a motion to withdraw guilty plea which is the 'functional equivalent' of a motion for new trial."); *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)], which go to the ability to obtain relief.... [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'... For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. [A state post-conviction motion which is] untimely, ... was not 'properly filed,' and [petitioner is not entitled to statutory tolling of the limitation period] under § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 7, 4 (2007) ("When a postconviction petition [or motion] is untimely under state law, 'that [is] the end of the matter' for purposes of [statutory tolling of the limitation period under] § 2244(d)(2)."); *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1317 (11th Cir. 2006) (An untimely collateral motion "was not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation."). Hence, the respondents maintain Lingo failed to file the instant § 2254 petition prior to expiration of the one-year period of limitation.

Based on the foregoing, the court entered an order advising Lingo that it appeared he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of April 15, 2008 - Court Doc. No. 15*. This order also provided Lingo an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id*. at 9. Lingo filed nothing in response to this order. In his petition, however, Lingo appears to claim that his alleged illiteracy, a purported lack of legal knowledge and the withholding of legal materials establish circumstances which justify equitable tolling of the limitation period.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court concludes that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and further concludes the present habeas petition is due to be denied as Lingo failed to file the petition within the applicable one-year period of limitation.

## II. DISCUSSION

### A. The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On November 10, 2003, Lingo entered a guilty plea before the Circuit Court of Crenshaw County, Alabama to a charge of criminal conspiracy and the trial court immediately imposed sentence for this conviction. Lingo did not appeal his conspiracy conviction. Since Lingo failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of this conviction. By operation of law, Lingo's conspiracy conviction became final on December 22, 2003 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review of his conspiracy conviction expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court). The one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A) therefore began to run on December 23, 2003. In the absence of statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling, the limitation period expired on December 23, 2004.

**B. Statutory Tolling**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." It is undisputed that Lingo failed to properly file any application for post-

conviction relief or collateral review in the state courts challenging his conviction for conspiracy conviction. Thus, Lingo is not entitled to statutory tolling of the limitation period.

**C. Equitable Tolling**

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002) .

Lingo makes the self-serving, conclusory assertion that he "cannot read." *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 5. To the extent this assertion can be construed to allege a basis for equitable tolling, it fails to provide such relief because this assertion is clearly refuted by the numerous *pro se* civil actions filed and litigated by Lingo in this court.

*Lingo v. Luker, et al.,* Case No. 1:04-CV-1188-WKW-SRW; *Lingo v. State of Alabama, et al.*, Case No. 1:06-CV-45-MEF-CSC; *Lingo v. Luker*, Case No. 1:06-CV-453-WHA-CSC; *Lingo v. State of Alabama, et al.*, Case No. 1:06-CV-462-WHA-CSC; *Lingo v. Collins, et al.*, Case No. 1:06-CV-703-MHT-CSC; *Lingo v. Cutchens, et al.,* Case No. 1:07-CV-269-WHA-CSC; *Lingo v. United States of America,* Case No. 1:07-CV-388-WHA-CSC; *Lingo v. Jones, et al.*, Case No. 1:08-CV-197-MHT-CSC; *Lingo v. Woodall*, Case No. 1:08-CV-225-WKW-CSC; *Lingo v. State of Alabama, et al.*, Case No. 2:08-CV-122-MHT-CSC; *Lingo v. Jones, et al.*, Case No. 2:08-CV-142-WKW-CSC; *Lingo v. United States of America*, Case No. 1:09-CV-1109-WHA-CSC. Moreover, an inmate's reading deficiency does not warrant equitable tolling. *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[W]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write, and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.").

Lingo also contends he possesses a limited knowledge of the law and proceeded without counsel in this cause of action. The law is well settled, however, that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States*

*v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board,* 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Finally, Lingo maintains that during his previous incarceration in federal custody unidentified legal mail was confiscated by the United States Marshal Service. *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 5. Under the circumstances of this case, this court finds that the confiscation does not warrant equitable tolling because Lingo has failed to show that the delay in filing the instant § 2254 petition resulted from truly extraordinary

circumstances beyond his control and unavoidable with the exercise of diligence. First, Lingo does not show how the confiscated materials relate to the conspiracy conviction. Second, the record in this case establishes that Lingo participated in the guilty plea and sentencing proceedings from which his habeas claims arise. He therefore had either actual or constructive knowledge of the factual basis for each of the claims presented to this court challenging the constitutionality of his conspiracy conviction and, therefore, could have presented his claims to this court in a timely filed § 2254 petition without access to any other information or documents associated with his state court proceedings. Thus, Lingo needed nothing more "to proceed with filing a habeas corpus petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633-634 (7th Cir. 2002), *cert. denied* 537 U.S. 1121, 123 S.Ct. 856 (2003); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to the filing of a federal habeas petition). Furthermore, "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition. *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992 (prisoner not entitled to transcript before filing § 2254 petition)." *Lloyd v. Van Natta*, 296 at 633; *Montgomery v. Meloy*, 90 F.3d 1200, 1203-1204 (7th Cir. 1996) (Petitioner in attendance at state court proceedings "knew or should have known what transpired. He was thus on

notice that he should include [post-arrest silence and admissibility of out-of-court statements] in" a properly filed habeas petition.).

## D. Expiration of the Limitation Period

Based on the foregoing analyses, the court concludes that Lingo has failed to present any credible basis for either statutory or equitable tolling of the one-year federal period of limitation. The limitation period therefore began to run on December 23, 2003 and ran interrupted without either statutory or equitable tolling until its expiration on December 23, 2004. Lingo filed the instant petition for federal habeas relief on January 23, 2008, over 3 years after expiration of the federal limitation period. Lingo has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Ralph Wilson Lingo on January 23, 2008 be denied as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before March 17, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of March, 2010.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE